IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 9, 2012

## WILLIAM E. WRIGHT v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2003-C-2045       Cheryl Blackburn, Judge**

---

**No. M2011-01461-CCA-R3-PC - Filed June 7, 2012**

---

Following his Davidson County Criminal Court jury convictions of conspiracy to possess with the intent to sell 26 grams or more of cocaine, two counts of facilitation of the sale of 26 grams or more of cocaine, and possession of 26 grams or more of cocaine for resale, the petitioner filed a petition for post-conviction relief alleging that his convictions were caused by the ineffective assistance of counsel. After an evidentiary hearing, the post-conviction court denied relief. Discerning no error, we affirm the order of the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and JEFFREY S. BIVINS, JJ., joined.

Ryan C. Caldwell, Nashville, Tennessee, for the appellant, William E. Wright.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Bret Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On April 13, 2005, a Davidson County Criminal Court jury convicted the petitioner of conspiracy to possess with the intent to sell 26 grams or more of cocaine, as a lesser included offense of conspiracy to possess with the intent to sell 300 grams or more of cocaine; two counts of facilitation of the sale of 26 grams or more of cocaine, as lesser included offenses of the sale of 26 grams or more of cocaine; and possession with the intent to deliver 26 grams or more of cocaine. On June 2, 2005, the trial court sentenced the petitioner as a Range II, multiple offender to an effective sentence of 40 years' incarceration. On direct appeal, the petitioner challenged the sufficiency of the evidence to support his

convictions, the trial court's denial of his motion to suppress evidence and statements, and sentencing; this court affirmed the convictions and sentences. *State v. William Edward Wright*, No. M2006-01665-CCA-R3-CD (Tenn. Crim. App., Nashville, Jan. 22, 2008), *perm. app. denied* (Tenn. Aug. 25, 2008). The facts surrounding the convictions were summarized in this court's opinion:

> This case arises out of undercover cocaine purchases involving the defendant and a confidential informant. According to the State's proof, on January 27 and January 31, 2003, a confidential informant working for the Twentieth Judicial District Drug Task Force made undercover cocaine purchases from the defendant. On February 5, 2003, the drug task force officers executed a search warrant on the defendant's residence where they uncovered, among other things, bags of cocaine, a bag of marijuana, three guns, plastic baggies for packaging drugs, and a set of digital scales. After being advised of his rights, the defendant informed the officers that the drugs and guns belonged to him. He was subsequently charged with several offenses . . . .

*William Edward Wright*, slip op. at 2.

The petitioner filed a timely pro se petition for post-conviction relief challenging the sufficiency of the evidence to support his convictions and the trial court's denial of his motions to suppress. The petitioner also alleged over 92 instances of ineffective assistance of counsel and the failure of the State to provide exculpatory evidence as bases of post-conviction relief. Following the appointment of counsel, the petitioner filed an amended petition alleging only that he was denied the effective assistance of counsel. He specifically claimed that counsel performed deficiently by failing to present Brenda Waters, Calvin Gross, and Laquisha Massey as witnesses; failing to seek pretrial the statements of State's witnesses; failing to review in advance of trial the tape recordings of drug transactions; failing to file a motion to reveal the identity of the confidential informant; failing to cross-examine witnesses concerning the presence of the petitioner's voice on the tape recordings; failing to allow the petitioner to testify at the suppression hearing; and failing to maintain adequate communication with the petitioner throughout representation.

The petitioner testified at the evidentiary hearing that trial counsel visited him only one time and that the visit occurred within one week of the trial. The petitioner claimed that he never saw any discovery materials and that he did not know about the tape recordings of the drug transaction until the day of trial. The petitioner further claimed that he was not

inside the home when the search warrant was executed and, therefore, he did not admit ownership of the drugs and guns. The petitioner acknowledged that he turned down a plea offer of 20 years to be served at 100 percent release eligibility because he was not guilty of selling drugs in a drug-free school zone.[1] He testified, however, that had he known the extent of the evidence that would be presented, he would have pleaded guilty to the drug-free school zone offense. The petitioner testified that trial counsel was difficult to contact, that counsel failed to communicate adequately with him, and that counsel's telephone was disconnected at some time during his representation.

On cross-examination, the petitioner acknowledged that trial counsel did, in fact, file several pretrial motions, including a motion to suppress. He denied speaking to the police or making any statements during the execution of the search warrant. Upon questioning by the post-conviction court, the petitioner conceded that he had received discovery material prior to trial.

Calvin Gross, the petitioner's son, who was 15 years old at the time of the offenses, testified that in 2003, he lived with his stepmother on Santi Avenue. He claimed that the defendant did not live with them at that time. He said that he was inside the Santi Avenue home while the police searched it and that he told the police the drugs and guns belonged to him. He said that trial counsel never interviewed him prior to trial. Mr. Gross admitted that he did not maintain contact with the petitioner and that he had no idea when the petitioner's case went to trial.

Trial counsel testified that he spoke "at length" with the defendant regarding discovery materials, trial strategy, and plea offers. He recalled that the petitioner denied making any admissions to investigators concerning the ownership of the drugs. Counsel said that Mr. Gross's claim of ownership of the drugs was not made known to him at the time of trial. Counsel described Mr. Gross's testimony as "pretty much a defense lawyer's dream" and said, for that reason, he would have presented Mr. Gross as a witness at trial without hesitation had it been made known to him in advance of trial. He also opined that many witnesses who are willing to claim culpability during pretrial interviews often become recalcitrant when testifying at trial. Trial counsel testified that he knew about the tape recordings but that they were of poor quality and of little consequence to the case in light of the petitioner's admissions to investigators. He also said that his telephone number never changed during his representation of the petitioner. In describing the petitioner's pugnacious attitude, trial counsel testified that the petitioner "was very confrontational . . . . He had all the answers. Anything that I told him was wrong."

---

[1] The petitioner was, in fact, acquitted at trial of the drug-free school zone charge of the indictment.

The petitioner presented the testimony of the purported confidential informant, James Churchwell. Mr. Churchwell testified , "I don't even know [the petitioner]." He also stated that he never participated in any undercover drug buys with the petitioner.

The post-conviction court credited trial counsel's testimony regarding each claim of deficient performance and ruled that the petitioner failed to establish his allegations by clear and convincing proof. Specifically, the post-conviction court found that trial counsel did not know about Mr. Gross's claim of ownership of the drugs and that Mr. Gross likely would not have incriminated himself at trial. The court further found that there was no paucity of communication between the petitioner and trial counsel. Accordingly, the post-conviction court denied relief.

In this appeal, the petitioner reiterates his claim that trial counsel committed ineffective assistance. We view the petitioner's claim with a few well-settled principles in mind. Post-conviction relief is available only "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2006). A post-conviction petitioner bears the burden of proving his or her allegations by clear and convincing evidence. *Id.* § 40-30-110(f). On appeal, the post-conviction court's findings of fact are conclusive unless the evidence preponderates against them. *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State*, 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997). By contrast, the post-conviction court's conclusions of law receive no deference or presumption of correctness on appeal. *Fields v. State*, 40 S.W.3d 450, 453 (Tenn. 2001).

To establish entitlement to post-conviction relief via a claim of ineffective assistance of counsel, the post-conviction petitioner must affirmatively establish first that "the advice given, or the services rendered by the attorney, are [not] within the range of competence demanded of attorneys in criminal cases," *see Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), and second that his counsel's deficient performance "actually had an adverse effect on the defense," *Strickland v. Washington*, 466 U.S. 668, 693 (1984). In other words, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Should the petitioner fail to establish either deficient performance or prejudice, he is not entitled to relief. *Id.* at 697; *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). Indeed, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Strickland*, 466 U.S. at 697.

When reviewing a claim of ineffective assistance of counsel, we will not grant the petitioner the benefit of hindsight, second-guess a reasonably based trial strategy, or provide relief on the basis of a sound, but unsuccessful, tactical decision made during the

course of the proceedings. *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Claims of ineffective assistance of counsel are mixed questions of law and fact. *Lane v. State*, 316 S.W.3d 555, 562 (Tenn. 2010); *State v. Honeycutt*, 54 S.W.3d 762, 766-67 (Tenn. 2001); *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). When reviewing the application of law to the post-conviction court's factual findings, our review is de novo, and the post-conviction court's conclusions of law are given no presumption of correctness. *Fields*, 40 S.W.3d at 457-58; *see also State v. England*, 19 S.W.3d 762, 766 (Tenn. 2000).

In our view, the evidence does not preponderate against the findings of the post-conviction court. Relative to the petitioner's allegation that trial counsel failed to present witnesses he desired to testify on his behalf, the petitioner failed to present Ms. Waters or Ms. Massey as witnesses at the evidentiary hearing. Consequently, he failed to establish his claim of prejudice concerning those two witnesses. *See Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990) (holding that a post-conviction petitioner generally fails to establish his claim that counsel did not properly investigate or call a witness if he does not present the witness or evidence to the post-conviction court because a post-conviction court may not speculate "on the question of . . . what a witness's testimony might have been if introduced" at trial). As to counsel's failure to present Mr. Gross, the post-conviction court accredited the testimony of trial counsel that the petitioner did not alert him to Mr. Gross's potential testimony. In light of the petitioner's admissions of culpability made to investigators, we also agree that, even assuming Mr. Gross had testified at trial, the petitioner has failed to show prejudice to establish entitlement to post-conviction relief. Overall, the record does not preponderate against the post-conviction court's findings concerning trial counsel's performance. The petitioner's recalcitrance is apparent from the record. In the face of this recalcitrance and his own admissions, the jury still convicted the petitioner of lesser included offenses in three of the five counts and acquitted the defendant in one other count. Under these circumstances, we agree that the petitioner has failed to establish any entitlement to post-conviction relief.

Accordingly, the judgment of the post-conviction court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE